**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

---

**BELLA FRANKEL,**                                             **Case No.:**

    **Plaintiff,**

**v.**                                                            **COMPLAINT**
                                                                  **JURY TRIAL DEMANDED**

**RIALTO CAPITAL MANAGEMENT,**

    **Defendant.**

---

Plaintiff, BELLA FRANKEL ("Frankel" or "Plaintiff"), through her attorneys, brings this action for damages and other legal and equitable relief from Defendant, RIALTO CAPITAL MANAGEMENT ("Rialto" or "Defendant"), for violations of law.   The Plaintiff's claims are based, in part, on the following facts and law:

**JURISDICTION, VENUE, & PARTIES**

1.       This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991. Jurisdiction is conferred upon this Court by 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

2.       The Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims under in § 760.10, *et seq.*, Florida Statutes.   This Court has supplemental jurisdiction under Title 28 U.S.C. § 1367(a) to adjudicate the Plaintiff's state law claims.

3.       The unlawful practices described in this Complaint were committed in The U.S. Southern District of Florida.   Rialto is a Florida corporation whose registered office is at 790 NW 107th Avenue, Suite 400, Miami, FL, 33172 in Miami-Dade County.

4.       Furthermore, Rialto does substantial business in The Southern District of Florida;

1

therefore, this is the appropriate venue for this matter pursuant to 28 U.S.C. § 1391.

5.      The Plaintiff has complied with all administrative conditions precedent to filing this lawsuit.

6.      The Plaintiff is, and has been, a Florida resident for all times relevant to this action.

## FACTS COMMON TO ALL COUNTS

7.      In 2014, the Plaintiff relocated with her husband to Miami from New York where she had worked for many years in the accounting field.

8.      The Plaintiff is a practicing, Orthodox Jew.

9.      Under the well-known tenets of Orthodox Judaism, adherents may not work on the Sabbath (from sundown on Friday until sundown on Saturday).

10.     In June of 2014, through a job recruiter, the Plaintiff applied for the position of Senior Accountant at Rialto.

11.     Rialto advertised the job in a detailed, written "Job Description" that included no requirement that applicants work, or be available to work, on Saturdays.

12.     The Plaintiff applied for the Senior Accountant position.

13.     Because the Plaintiff was highly qualified for the position, Rialto called her in for a job interview on or about June 20, 2014.

14.     The interview lasted for over an hour.  Among other things, the Plaintiff explicitly informed the person interviewing her for Rialto that she was an observant, Orthodox Jew and—according to her religious practices—could not work from sundown on Fridays until sundown on Saturdays.  She also informed her interviewer that she could perform all of her duties at Rialto if she were given the reasonable accommodation of making up any time missed either after hours during the week, or on Sundays.

15.     The interviewer assured the Plaintiff that this would not be a problem and immediately passed the Plaintiff along to be interviewed by a more senior person at Rialto.

16.     Indeed, the first interviewer was so eager to move the Plaintiff's interview process forward that he arranged to have this second interview happen that same afternoon by phone.

17.     Apparently, the second interview was also a success because on the next business day, Rialto offered the Plaintiff the position of Senior Accountant.

18.     The Plaintiff happily accepted the job.

19.     However, on the day after she accepted the job, the Plaintiff was informed that Rialto's CFO, after having been made aware of the Plaintiff's circumstances, rescinded the job offer because the Plaintiff could not work on Saturdays.

20.     The Plaintiff was refused any reasonable accommodation for her observance of the Sabbath and was offered no explanation why working on the Sabbath—a requirement that was never part of the written job description—was suddenly so essential that it required Rialto to rescind its offer.

21.     The Plaintiff filed a charge of discrimination with Equal Employment Opportunity Commission ("EEOC") on August 19, 2014.

22.     On, June 15, 2015, the Plaintiff received a Dismissal and Notice of Rights letter from the EEOC giving her ninety (90) days from that date to file this lawsuit.

## CAUSES OF ACTION

### Count I
### Religious Discrimination in Violation of 42 U.S.C. § 2000e, *et seq*.

23.     The Plaintiff incorporates paragraphs 1-22 of her Complaint into this Count by reference.

24.     Title VII provides that it is unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions or privileges of employment because of such individual's . . . religion," which is defined as "all aspects of religious observance and practice as

3

well as belief." 42 U.S.C. §§ 2000e-2(a)(1), 2000e-(j).

25.     During all relevant times herein, the Plaintiff was an employee and the Defendant was an employer for the purpose of the definitions set forth in 42 U.S.C. § 2000e.

26.     By its conduct, the Defendant discriminated against the Plaintiff based on her religion and failed to accommodate the requirements of her religion in violation of 42 U.S.C. § 2000e, *et seq.*

WHEREFORE, as a direct result of the Defendant's conduct, the Plaintiff has suffered the loss of past and future income, mental anguish, emotional distress, loss of benefits, attorney's fees and costs, and other damages.

### Count II
### Religious Discrimination in Violation of § 760.10, *et seq.*, Florida Statutes

27.     The Plaintiff incorporates paragraphs 1-22 of her Complaint into this Count by reference.

28.     Section 760.10, Florida Statutes provides that it is unlawful for an employer "to fail or refuse to hire any individual… because of religion…".

29.     During all relevant times herein, the Plaintiff was an employee and the Defendant was an employer for the purpose of the definitions set forth in § 760.10, *et seq.*, Florida Statutes.

30.     By its conduct, the Defendant discriminated against the Plaintiff based on her religion and failed reasonably to accommodate the requirements of her religion in violation of § 760.10, *et seq.*, Florida Statutes.

WHEREFORE, as a direct result of the Defendant's conduct, the Plaintiff has suffered the loss of past and future income, mental anguish, emotional distress, loss of benefits, attorney's fees and costs, and other damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Bella Frankel, prays for judgment against Defendant, Rialto Capital Management and for the following relief:

A.      Compensatory damages including loss of past and future income, mental anguish, emotional distress, and other related damages;

B.      All damages permitted for violations of 42 U.S.C. § 2000e, *et seq.*;

C.      All damages permitted for violations of § 760.10, *et seq.*, Florida Statutes;

D.      Prejudgment interest;

E.      Costs, disbursements, and attorney's fees; and

E.      Any other relief the Court deems just and equitable.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial in this matter.

BEASLEY, DEMOS & BROWN, LLC
201 Alhambra Circle, Suite 601
Coral Gables, Florida 33134
Tel: 305-669-3131
Fax: 786-615-8945
cbrown@beasleydemos.com
jmiller@beasleydemos.com

By:   */s/ Christopher D. Brown*
       Christopher D. Brown
       Fla. Bar No. 0045004